# COOS,

## AUGUST TERM, A. D. 1844.

---

### CHADBOURNE *v.* SUMNER.

It is the duty of an attaching officer to retain possession of the property, unless a receipter is furnished; and if the property can not be conveniently secured in the place where it is found, so that he may retain possession there, he must remove it, notwithstanding the inconveniences of doing so.

Where a sheriff merely knows that property has been attached by another officer, if no possession be retained, he may make a valid attachment.

It is not necessary in order to the admission of a sheriff's return upon a writ as evidence, that the action should have proceeded to judgment.

A writ may be returned and filed after the return day on leave of the court.

When only one valid attachment of property has been made, the property may be sold and applied to the discharge of the debt, by agreement between the parties, without following the statute regulations for a sale of property attached on mesne process.

TRESPASS for carrying away a quantity of hay, oats, and wheat, on the 25th day of November 1841. Plea the general issue, with a brief statement, alleging that on the 14th day of December 1841, upon a writ of attachment which the firm of which the defendant was a member sued out upon several promissory notes due them from one Streeter. Reuben Stephenson a deputy sheriff attached the property in question as that of said Streeter, and sold the same by agreement of parties, agreeably to the statute, &c.

It appeared that the plaintiff as deputy sheriff had,

October 30, 1841, upon a writ in favor of one Carpenter against Streeter, returnable November term 1841, attached the property in the barn occupied by Streeter, made return thereof on the writ, posted a written notice on the barn, and wrote a notice with red chalk thereon, but did not employ Streeter or any other person to take charge of the property.

Judgment was rendered in that suit at said November term, and execution issued within thirty days, upon which the plaintiff returned among other matters, that he went with the execution, for the purpose of levying it, to the barn where he left the property attached on mesne process, and there finding that Reuben Stephenson a deputy-sheriff had previously sold the same on mesne process by agreement of parties, he returned the execution in no part satisfied.

It further appeared that the property was used by Streeter after the attachment by the plaintiff, as it had been before the attachment.

The defendant introduced in evidence a writ of attachment sued out by his firm against Streeter December 14, 1841, returnable at May term, on which was a return by Stephenson, December 20, of an attachment of the property in question. He proved that by an agreement of parties the property was duly sold at public auction and its proceeds applied to the payment of the debt. The action was settled and not entered in court.

The plaintiff objected to the admission of the writ and return in evidence, because no judgment was had thereon.

There was no evidence that any member of the defendant's firm had any knowledge of the plaintiff's attachment before the sale, and Stephenson did not know of it when he made his attachment, but he was informed of it before the sale.

The court instructed the jury, that if the suit of the defendant's firm was on a debt honestly due by Streeter,

if the attachment and sale were made *bonâ fide*, and were not intended to cover up the property of Streeter, and keep it from the reach of his creditors, their verdict should be for the defendant, otherwise for the plaintiff. A verdict was thereupon taken by consent for the defendant, subject to the opinion of this court.

*Young* and *Benton*, for the plaintiff. The defendant must first prove a valid attachment by himself. Between third parties and to justify an act otherwise wrong, the process must be made matter of record, and the record produced. 2 Stark. Ev. 811; 2 Johns. 40, 280; 2 Pick. 206; 3 Wilson 376.

The original attachment by the plaintiff was valid, and the notice thereof sufficient. 8 Pick. 397; 2 N. H. 465; 10 N. H. 236.

Where the attachment is valid, the property is sufficiently protected against all persons having notice, and, if cumbersome or thereby liable to waste, need not be removed. 14 Pick. 408; 18 Pick. 407; 2 Johns. 418; 15 Johns. 428; 3 N. H. 210.

The statute under which the sale was made contemplates a judgment, the money is to be retained and applied on the judgment. The course taken upon the defendant's writ was therefore unauthorized and released his attachment, leaving the plaintiff's good. 2 Stark. Ev. 281, 282; 2 Vt. 388; 8 N. H. 291.

*Wells* and *Bellows*, for the defendant. The plaintiff if he made a valid attachment abandoned it. 16 Pick. 144. Whether the property were cumbersome or not, its custody should have been retained, or if the owner did not procure a receipter it should have been removed. 3 N. H. 210; 5 N. H. 527; 4 Pick. 395; 13 Pick. 139.

The notice of the attachment was not good. 13 N. H.

46. Notice to Stephenson after the attachment was of no avail. 7 N. H. 399.

The case shows that the proceedings upon the sale were due and legal.

PARKER, C. J. The attachment of the plaintiff was lost because no possession was retained by him. It is the duty of the officer who makes an attachment to retain the possession of the property, if it is not receipted for. *Odiorne* v. *Colley*, 2 N. H. 66 ; *Dunklee* v. *Fales*, 5 N. H. 528 ; *Young* v. *Walker*, 12 N. H. 506. The rule is the same in other States where attachments on mesne process are allowed. *Sanderson* v. *Edwards*, 16 Pick. 144 ; *Nichols* v. *Patten*, 18 Me. 231. Cases may exist in which it is his duty to attempt to procure a receipter, or to secure the property in the place where it is found. *Barrett* v. *White*, 3 N. H. 210. But if this can not be done, and a removal is necessary in order that he may retain possession, it is the duty of the officer to remove it, and the fact that the removal will be attended with some inconvenience, does not furnish an excuse for a neglect to retain the possession.

In this case no receipter was procured. No person was placed in custody of it. There was not even an agreement of the debtor that it might remain in the barn without interference, if that with the posting of notices might have been sufficient. The plaintiff retained no custody of the property in any way.

On this state of the facts the defendant might well attach the property. He had no notice ; and had he possessed merely knowledge that an attachment had been made, that will not avail to prevent a subsequent attachment, if no possession be retained. *Young* v. *Walker*, 12 N. H. 502. It is but the common case of property attached, which goes back into the hands of the debtor by

means of a settlement, or receipt, or some arrangement that dissolves the attachment.

The objection to the admission of the return upon the defendant's writ as evidence of the attachment upon that, "because no judgment was ever had thereon," can not avail. The general principle is stated in *Brown* v. *Davis*, 9 N. H. 76. That the return of the sheriff of matters material to be returned upon a writ, is evidence, seems to be generally admitted. The question has been, whether it is conclusive, or only *primâ facie*, evidence. As between the parties to the suit and those claiming under them as privies, and all others whose rights and liabilities are dependent upon the suit, the return is conclusive. But it is not conclusive as to third persons whose interests are not connected with the suit, but whose interests may be affected by the proceedings of the sheriff, nor as to collateral facts or matters not necessary to be returned. It is sufficient for the purposes of this case if the return was only *primâ facie* evidence. There was nothing to contradict it. And it is not necessary in order to its admission as evidence that the action should have proceeded to judgment and the return have thus become a matter of record. Writs are made returnable to the next term of the court. The officer is commanded to make return of his doings. When served it is proper that they should be returned even if the action is settled. It may be important to the security of the officer. Perhaps it is necessary that the return should become matter of record in order to give it the character of evidence. *Brown* v. *Davis*, 9 N. H. 79, 81. But it will be so, within our practice, if it be returned and placed upon the files of the court without any extended registry by the clerk as a recording officer. The objection in this case was, not that the writ had not been returned, but that the action had not been prosecuted to judgment. If the objection had been that the writ had not been returned, and such

was the fact, the court might have permitted the writ to be filed on motion. This may be done, by leave, after the return day.

There was evidence therefore of a lawful attachment by the defendant, and the agreement to sell and apply the proceeds to the payment of the debt was valid. Whether the statute provisions for that purpose were strictly pursued or not, is of no importance to the plaintiff. The attachment which he made having been dissolved, he has no ground of objection on account of what was done by the parties subsequent to the defendant's attachment.

*Judgment on the verdict.*